UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Evan Ratcliff,

                Plaintiff

     v.

Carlos Caldarone,

                Defendant

Case No. 2:21-cv-01155-CDS-BNW

**Order Denying Plaintiff's Motion for a Preliminary Injunction**

[ECF No. 12]

       This is a civil-rights action filed by pro se plaintiff Evan Ratcliff against defendant Carlos Caldarone, who is a dentist at the Southern Desert Correctional Center (SDCC) where Ratcliff is incarcerated. Ratcliff moves for injunctive relief concerning an alleged denial of dental treatment. *See generally* Pl.'s Mot. for Prelim. Inj., ECF No. 12. Caldarone responded (ECF No. 15), and Ratcliff replied (ECF No. 23). Having thoroughly reviewed the record, applicable law, and moving papers, I deny Ratcliff's motion for preliminary injunction without prejudice because Ratcliff has not shown that he is entitled to this extraordinary remedy. However, I order the parties to attend a hearing on November 29, 2022, at 10:00 AM to provide a status report as to whether Ratcliff is receiving dental care.

**I.    Relevant Background Information**

       Ratcliff, proceeding pro se,[1] moves for a preliminary injunction ordering the Nevada Department of Corrections "to have [Ratcliff] treated by any dentist other than defendant Caldarone[,] who is intentionally refusing to help plaintiff." ECF No. 12 at 4. Caldarone, the only defendant in this action and a dentist at SDCC, responds that Ratcliff has failed to plead the

---

[1] I construe Ratcliff's pleadings liberally because "pro se pleadings must be construed liberally[.]" *Draper v. Rosario*, 836 F.3d 1072, 1080 (9th Cir. 2016).

necessary elements for injunctive relief, has not exhausted his administrative remedies, and seeks relief with no substantive nexus to the relief available under the allegations pled in his complaint. Def's Resp., ECF No. 15 at 2, 4–5. Ratcliff replies that he has filed multiple medical requests, or "kites," to be seen for his ongoing dental pain, but Caldarone refuses to see him and is retaliating against him. Pl.'s Reply, ECF No. 23 at 1. Ratcliff also seemingly refuses to see Caldarone, as he states that he wants dental care generally (ECF No. 23 at 3) but explicitly from "another dentist other than Caldarone[.]" ECF No. 23 at 5. Ratcliff's reply also adds argument regarding the prongs of injunctive relief. *Id.* at 3–5. In his motion, Ratcliff explicitly requests "the defendants to take [him] to see another dentist other than [Caldarone]" because "it's clear that [Caldarone] has a dislike for plaintiff, [and] plaintiff needs treatment." ECF No. 23 at 5.

## II.     Legal Standard

A preliminary injunction is an "extraordinary and drastic remedy" that is "never awarded as of right." *Munaf v. Geren*, 553 U.S. 674, 689–90 (2008) (citations omitted). The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981). In every case, the court "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (cleaned up). To obtain preliminary injunctive relief, a plaintiff must establish: (1) he is likely to succeed on the merits, (2) he is likely to suffer irreparable harm in the absence of preliminary relief, (3) the balance of equities tips in his favor, and (4) an injunction is in the public interest. *Id.* at 20 (citations omitted). Alternatively, "serious questions going to the merits and a hardship balance that tips sharply towards the plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter* test are also met." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131–32 (9th Cir. 2011).

An even more stringent standard is applied where mandatory, as opposed to prohibitory, preliminary relief is sought. Although the same general principles apply, "[w]here a party seeks mandatory preliminary relief that goes well beyond maintaining the status quo pendente lite, courts should be extremely cautious about issuing a preliminary injunction." *Martin v. Int'l Olympic Comm.*, 740 F.2d 670, 675 (9th Cir. 1984). Thus, "an award of mandatory preliminary relief is not to be granted unless both the facts and the law clearly favor the moving party and extreme or serious damage will result" without it. *Caballero v. Aranas*, 2020 WL 8459158, at *2 (D. Nev. Dec. 11, 2020) (citing *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015)).

Finally, the Prison Litigation Reform Act (PLRA) mandates that litigants in prison must satisfy additional requirements when seeking preliminary injunctive relief against prison officials. "Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2). Courts must give "substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity . . . in tailoring any preliminary relief." *Id.* This section of the PLRA "operates simultaneously to restrict the equity jurisdiction of federal courts and to protect the bargaining power of prison administrators—**no longer may courts grant or approve relief that binds prison administrators to do more than the constitutional minimum**." *Gilmore v. People of the State of California*, 220 F.3d 987, 999 (9th Cir. 2000) (emphasis added).

### III. Discussion

Applying the above-cited principles in mind to the Ratcliff's motion reveals he has not made a showing sufficient to obtain injunctive relief. First, Ratcliff has not demonstrated a likelihood of success on the merits of his underlying claim for deliberate indifference to medical needs. "Deliberate indifference is a high legal standard." *Toguchi v. Chung*, 392 F.3d 1051, 1060 (9th Cir. 2004). To prevail, a plaintiff "must satisfy both an objective standard—that the deprivation

was serious enough to constitute cruel and unusual punishment—and a subjective standard—deliberate indifference." *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012). "Prison officials are deliberately indifferent to a prisoner's serious medical needs when they deny, delay, or intentionally interfere with medical treatment." *Hallet v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002). Medical malpractice or negligence is not enough to sufficiently state a claim. *Toguchi*, 391 F.3d at 1060.

Ratcliff asserts that he is experiencing tooth pain, that Caldarone is aware of Ratcliff's pain, and that Caldarone refuses to treat him. ECF No. 12 at 2. The Ninth Circuit has held that the "'existence of chronic and substantial pain' indicates that a prisoner's medical needs are serious[.]" *Peralta v. Dillard*, 744 F.3d 1076, 1086 (9th Cir. 2014) (en banc) (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1060 (9th Cir. 1992), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997) (en banc)). Furthermore, "[p]risoners generally have more extensive dental problems than the average citizen. Consequently, dental care is one of the most important medical needs of inmates." *Ramos v. Lamm*, 639 F.2d 559, 576 (10th Cir. 1980), *cert. denied*, 450 U.S. 1041 (1981).

Ratcliff has sufficiently pled that his pain is chronic and substantial, which thus constitutes a serious medical need. He states that his "tooth hurts, and for several months [he] has been denied treatment." ECF No. 23 at 2. This alleged denial of treatment has arisen approximately a year after the dental pain Ratcliff alleges in his underlying complaint. *See* Compl., ECF No. 6 at 4–9 (basing the claim of deliberate indifference to medical needs on dental pain that Ratcliff experienced between November 2020 and February 2021 and Caldarone's alleged lack of treatment at that time).

Caldarone claims that because Ratcliff moves for injunctive relief based on his ongoing dental pain rather than on the dental pain that he previously experienced, Ratcliff seeks relief with no substantive nexus to the relief requested in his complaint. ECF No. 15 at 6–8. But this argument fails to consider that Ratcliff's present pain may stem from Caldarone's failure to treat

Ratcliff's prior pain. Ratcliff has advanced colorable arguments that Caldarone went out of his way to delay Ratcliff's medical treatments in retaliation for the grievance that Ratcliff filed in January of 2021 accusing Caldarone of making derogatory comments to Ratcliff, stating that Ratcliff should "find some [pliers] and remove the tooth" himself. ECF No. 1-1 at 9. In his complaint, Ratcliff seeks an implant for the missing tooth, while Ratcliff's injunction motion requests dental care generally. *Compare* ECF No. 6 at 12 *with* ECF No. 12 at 4. Caldarone's argument that Ratcliff's requested injunctive relief lacks a substantive nexus to his requested relief in the complaint thus fails.

Ratcliff requests that the court "step in . . . and order the NDOC to have [Ratcliff] treated by any dentist other than defendant Caldarone." *Id.* at 3. While Ratcliff has a right to adequate medical care, he does not have a right to the dental care of his choosing. *See Roberts v. Spalding*, 783 F.2d 867, 870 (9th Cir. 1986) (stating that a prisoner has "no independent constitutional right to outside medical care additional and supplemental to the medical care provided by the prison staff within the institution"); *cf. Hunt v. Dental Dep't*, 865 F.2d 198, 200 (9th Cir. 1989) (stating that the denial of dental care may constitute deliberate indifference but that delay alone in providing a prisoner with dental treatment does not). To effectively run their institutions, prison authorities have wide discretion in the medical treatment afforded to prisoners. *Stiltner v. Rhay*, 371 F.2d 420, 421 (9th Cir. 1971).

Herein lies the challenge with Ratcliff's motion and the reason that Ratcliff is unlikely to succeed on the merits of his underlying Eighth Amendment claim. Ratcliff's request that any dentist other than Caldarone treat him constitutes a difference of opinion in how Ratcliff is to be treated, and differences of medical opinion cannot be ameliorated by this court. *See Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981) (stating that a difference in opinion between a prisoner-patient and prison medical authorities regarding what treatment is proper and necessary does not give rise to an Eighth Amendment claim). Moreover, allegations that a prisoner feels he is not receiving the "the kind and quality of medical treatment he believes is

indicated" does not "justify federal intervention." *Stiltner*, 371 F.2d at 421 n.3. Consequently, I find that Ratcliff is unlikely to succeed in obtaining the specific relief he requests and I thus cannot issue injunctive relief.

Complicating matters further, Caldarone is the only defendant in this case. Ratcliff seeks relief that would necessarily require an extension of the court's equitable powers over nonparties to the case—specifically, NDOC and whichever alternate dentist might be available, to the extent that NDOC even employs other dentists at SDCC. Caldarone notes that "Ratcliff has identified no authority under which [I] can order a non-party to take action through the auspices of an injunction." ECF No. 15 at 7. Indeed, he has not.

The Federal Rules of Civil Procedure permit injunctive relief to bind "only the following [persons] who receive actual notice of it by personal service or otherwise: (A) the parties; (B) the parties' officers, agents, servants, employees, and attorneys; and (C) other persons who are in active concert or participation with anyone described in Rule 65(d)(2)(A) or (B)." Fed. R. Civ. P. 65(d)(2). Ratcliff has insufficiently pled that "any dentist other than defendant Caldarone" would constitute "other persons who are in active concert" with Caldarone. As a result, I do not have a basis upon which to authorize injunctive relief over unknown individuals at NDOC.

Because I find that Ratcliff has not met his burden in demonstrating a likelihood of success on the merits, I need not analyze the other prongs for injunctive relief. *See Garcia v. Google, Inc.*, 786 F.3d 733 (9th Cir. 2015) ("Because it is a threshold inquiry, when a plaintiff has failed to show the likelihood of success on the merits, we need not consider the remaining three [*Winter* elements]." (internal quotation marks and citations omitted)).

IV.     Conclusion

IT IS HEREBY ORDERED that plaintiff Ratcliff's motion for preliminary injunction (ECF No. 12) is DENIED.

IT IS FURTHER ORDERED that the parties are to appear at a hearing scheduled for November 29, 2022, at 10:00 AM in Courtroom 6B of the Lloyd D. George Courthouse in Las Vegas to provide a status report on the dental care that Ratcliff is receiving.

DATED: November 10, 2022

_____
Cristina D. Silva
United States District Judge