# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Evan Ratcliff, | Case No. 2:21-cv-1155-CDS-BNW |
| Plaintiff, | **Order** |
| v. | |
| Caldarone, | |
| Defendant. | |

Before the Court is *pro se* Evan Ratcliff's motion for appointment of counsel. ECF No. 38. Because the Court finds that exceptional circumstances exist, it grants Plaintiff's motion.

## I.   Background.

Plaintiff is currently incarcerated at Southern Desert Correctional Center and is in the custody of the Nevada Department of Corrections (NDOC). Plaintiff is familiar with the arguments he made in support of his request. As a result, the Court does not repeat them here.

## II.   Legal Standard.

Courts have authority to request that an attorney represent any person unable to afford counsel. 28 U.S.C. § 1915(e)(1). The decision to appoint counsel is within the sound discretion of the district court and requires a showing of exceptional circumstances. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004). To determine whether exceptional circumstances exist, courts consider the likelihood that the plaintiff will succeed on the merits, as well as the plaintiff's ability to articulate his claims "in light of the complexity of the legal issues involved." *Id.* (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)). Neither factor is dispositive, and both must be viewed together. *Wilborn*, 789 F.2d at 1331.

### A.   Likelihood of Success on the Merits

"The Ninth Circuit has indicated that the articulation of a cognizable claim for relief may itself be sufficient to satisfy the 'merit' analysis on a motion for appointment of counsel." *See Tilei v. McGuinness*, 642 Fed. Appx. 719, 722 (9th Cir. 2016) (finding that plaintiff's "complaint states a claim for relief, and therefore suggests that he may succeed on the merits"). While this

Court already indicated that the likelihood of success on Plaintiff's Eighth Amendment claim is not high, the same does not apply to his First Amendment retaliation claim. ECF No. 29 at 5-6.

### B. Ability to Articulate Claims

While many courts have indicated that First Amendment retaliation claims are not complex, Ninth Circuit precedent requires the court to also consider plaintiff's ability to articulate these claims. Here, there is evidence in the record suggesting that plaintiff will have problems articulating his claims. To begin, Plaintiff filed a motion for a protective order and a motion for a preliminary injunction. As noted in the opposition, Plaintiff did not cite to or analyze the requisite standards for the relief sought. ECF Nos. 12, 13, 15, and 19. The Court also noted that the relief sought to extend "the court's equitable powers over nonparties to the case." ECF No. 29 at 6. After that order, plaintiff sought a temporary restraining order and another preliminary injunction. In those motions, the requested injunction concerned facts that were not part of underlying lawsuit. ECF No. 39 at 4-5.

Given the factors analyzed above, the Court finds that exceptional circumstances exist for the appointment of counsel. Because the Court will exercise its discretion to appoint counsel and grant Plaintiff's motion, it will refer this case to the Court's Pro Bono Program to attempt to find an attorney to accept Plaintiff's case. Plaintiff should be aware that the Court has no authority to *require* attorneys to represent indigent litigants in civil cases under 28 U.S.C. § 1915(e). *Mallard v. U.S. Dist. Court for Southern Dist. of Iowa*, 490 U.S. 296, 298 (1989). Rather, when a court "appoints" an attorney, it can only do so if the attorney voluntarily accepts the assignment. *Id.* Additionally, Plaintiff is reminded that unless and until counsel is appointed, he is still responsible for complying with all deadlines in his case. If counsel is found, Plaintiff will be contacted by counsel.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for appointment of counsel (ECF No. 38) is **GRANTED.**

**IT IS FURTHER ORDERED** that this case shall be referred to the Pro Bono Program adopted in Second Amended General Order 2019-07 for the purpose of screening for financial eligibility (if necessary) and identifying counsel willing to be appointed as *pro bono* counsel for

Plaintiff. Plaintiff is reminded that he must comply with all deadlines currently set in his case and there is no guarantee that counsel will be appointed. If counsel is found, Plaintiff will be contacted by counsel.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to forward this order to the Pro Bono Liaison.

**IT IS FURTHER ORDERED** that the hearing set for January 16, 2023 is **VACATED.**

DATED: January 3, 2023

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE